The Honorable Bobby G. Wood State Representative 2806 Harrisburg Road Jonesboro, Arkansas 72401-8789
Dear Representative Wood:
This is in response to your request for an opinion regarding A.C.A. 22-9-203 (Cum. Supp. 1993) and bidding procedures for the construction of public facilities in Arkansas. Specifically, you have asked for an opinion on the following questions:
 1. Does A.C.A. 22-9-203 require that money be appropriated for a public building before bids are solicited for that project, or does it require that money be appropriated prior to any negotiations with the lowest bidder, or does it require money be appropriated before a contract is awarded?
 2. Arkansas Code Annotated 22-9-203
states that negotiations with the lowest bidder can only occur if within 20% of the amount appropriated. Do negotiations include deductive alternates or are they subtracted first, and then the "20% rule" applied prior to further negotiations?
 3. If no bids are within 20% and negotiations cannot occur, can the bid be awarded as submitted, or must all bids be rejected?
Arkansas Code Annotated 22-9-203(a) (Cum. Supp. 1993) requires that bidding procedures be utilized where counties or municipalities enter into contracts which provide "for the making of major repairs or alterations, for the erection of buildings or other structures, or for making other permanent improvements" and where the estimated costs of the work exceed ten thousand dollars ($10,000). School districts must also comply with the bidding procedures set forth in A.C.A.22-9-203 where the estimated costs of the work exceed thirty thousand dollars ($30,000). A.C.A. 22-9-203(a).
In response to your first question, it is my opinion that A.C.A. 22-9-203 requires a county, municipality, school district, or other local taxing unit to have appropriated the funds for the proposed public improvements prior to solicitation of bids for the project. This determination is compelled by the phrase "the amount appropriated," which appears in four separate sections of the statute. For example, in subparagraph (e) of A.C.A. 22-9-203, the following is stated: "In the event that all bids submitted exceed the amount appropriated for the award of the contract. . . ." [Emphasis added.] Additionally, in subparagraph (f)(3) of the statute, the following appears: "After making the deductions, if the cost of the project is less than twenty percent (20%) above the amount appropriated, . . . ." [Emphasis added.] See also A.C.A. 22-9-203(f)(2).
With regard to your second question, I assume you are referring to A.C.A. 22-9-203(f)(1)-(3), which provides the following:
 (f)(1) Should the plans and specifications for the project require bids on alternates in addition to a base bid, the alternates shall be deductive, as distinguished from additive, and shall be set forth in the plans and specifications in numerical order.
 (2) In the event that all bids submitted exceed the amount appropriated for the award of the contract, the state agency may determine the apparent responsible low bidder by deducting the alternates in numerical order.
 (3) After making the deductions, if the cost of the project is less than twenty percent (20%) above the amount appropriated, then, and only in that event, the state agency may negotiate an award with the low bidder so determined. [Emphasis added.]
In response to your second question, it is my opinion that, where all bids submitted exceed the amount appropriated for the project, the "deductive alternates" will be subtracted from the bids first in order to determine which contractor is the "apparent responsible low bidder." Once the deductions have been made and once it is determined that the "apparent responsible low bidder" is within 20% of the amount appropriated for the project, then negotiations may occur. See A.C.A. 22-9-203(f)(2)-(3). It is my opinion that no negotiations may occur prior to that point under subparagraph (f).
With regard to your third question, I am unclear as to what you are inquiring. Under subparagraph (f) of A.C.A. 22-9-203, the "20% determination" is made with regard to the one bidder who has been determined to be the "apparent responsible low bidder" once the "deductive alternates" have been subtracted. Subparagraph (f)(3) of the statute makes it clear that if the "low bidder" does not meet the "20% test," then no negotiations for an award of the project may occur. It should be noted that a "20% rule" also appears in subparagraph (e) of A.C.A.22-9-203. That provision applies whenever bidding on alternates was not required by the plans and specifications for the project, while subparagraph (f) is applicable only where alternates were required in the plans and specifications. It is my opinion that the answer to your third question is, however, the same regardless of which subparagraph of A.C.A.22-9-203 is at issue. That is, once the low bidder has been determined, if the "20% rule" has not been met, no negotiations or award of a contract for the project may occur.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh